UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20283-CR-Martinez

UNITED STATES OF AMERICA

vs.

KERRY DWAYNE SAMPSON,

    **Defendant.**
_____/

## FACTUAL PROFFER

The United States and the defendant, KERRY DWAYNE SAMPSON, stipulate that if this matter were to proceed to trial, the Government would prove the following facts, among others, beyond a reasonable doubt:

On July 26, 2011, Cherrelle Lynette SUTHERLAND, arrived at Miami International Airport aboard American Airlines Flight #1668 from Trinidad, Port of Spain. SUTHERLAND had traveled from Miami to Port of Spain, Trinidad on the evening of July 23, 2011. After being admitted into the United States by U.S. Customs and Border Protection, SUTHERLAND presented herself and her luggage to the U.S. Customs and Border Protection for examination. During a secondary inspection, U.S. Customs and Border Protection Officers discovered a solid sheet of suspected cocaine concealed in a false siding of each of the two pieces of SUTHERLAND's luggage.

SUTHERLAND identified Jestina FRANCIS as the person waiting to pick her up at the airport. Department of Homeland Security and U.S. Customs and Border Patrol Agents then approached FRANCIS and she confirmed she was there to retrieve SUTHERLAND.

Exhibit #1

The evidence would show that SAMPSON recruited Kern NAGESSAR to facilitate the importation of cocaine into the United States from Trinidad. NAGESSAR then recruited FRANCIS and SUTHERLAND to join them in the narcotics conspiracy. NAGASSER communicated with SUTHERLAND, via FRANCIS. SAMPSON provided NAGESSAR with money, to pay for SUTHERLAND and FRANCIS' participation in the conspiracy. NAGESSAR paid for SUTHERLAND's ticket to Trinidad, arranged for her accommodations and arranged for to receive the suitcases containing cocaine. NAGESSAR promised to pay FRANCIS between $1,000 - $3,000 for her part in introducing him to SUTHERLAND, communicating as the go-between, taking SUTHERLAND to the airport and picking her up following her return. FRANCIS was due to receive payment upon delivery of the luggage SUTHERLAND had obtained in Trinidad to NAGASSER.

NAGASSER communicated with SUTHERLAND, via FRANCIS, regarding the conspiracy while she was in TRINIDAD. Upon SUTHERLAND's return to the United States, SAMPSON communicated and/or attempted to communicate with SUTHERLAND, FRANCIS and NAGASSER to coordinate the retrieval and delivery of the cocaine.

*[The remainder of this page was intentionally left blank.]*

Laboratory testing of the powdery substance, found in SUTHERLAND's two luggage bags, proved positive for 1.46 kilograms of cocaine.

|  |  | WIFREDO A. FERRER<br>UNITED STATES ATTORNEY |
|---|---|---|
| Date: 3/.8/15 | By: | _____<br>SARAH J. SCHALL<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: 6/12/15 | By: | _____<br>JONATHAN FRIEDMAN<br>ATTORNEY FOR DEFENDANT |
| Date: 6/12/15 | By: | _____<br>KERRY DWAYNE SAMPSON<br>DEFENDANT |